**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA          )
                                  )
                    v.            )          Criminal No. 22-195
                                  )
RYDER LEWIS                       )

**MEMORANDUM OPINION**

Presently before the Court is Defendant Ryder Lewis' counseled Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), the Government's Response in Opposition thereto, and Defendant's Reply.  (Docket Nos. 39, 41, 44).  After careful consideration of the parties' arguments in light of the prevailing legal standards, and for the following reasons, the Motion will be dismissed, as Defendant agreed in his plea agreement with the Government that he would not file a motion seeking relief under § 3582(c)(2).  Nonetheless, even if Defendant had not waived his right to file such a motion, the Court would decline to exercise its discretion to reduce his sentence.

I.      **BACKGROUND**

Pursuant to the parties' Rule 11(c)(1)(C) plea agreement, on September 29, 2022, Defendant waived prosecution by indictment and pled guilty to the one-count Information in this case charging him with conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. § 846.  (Docket Nos. 15, 15-1, 17, 18).  As set forth in the plea agreement, the parties stipulated to a specific sentence to be imposed of 8 years' (96 months') imprisonment; 4 years' supervised release; no fine; and a $100 special assessment. (Docket No. 15-1, ¶ C.3).  At the waiver and plea hearing, the Court deferred a decision on

1

whether to accept the plea agreement until it reviewed the Presentence Investigation Report ("PIR").

After the PIR was issued, the Court entered its Tentative Findings and Rulings wherein it determined that Defendant's total offense level was 23.   (Docket No. 29 at 2).   The Court further found that Defendant had a criminal history score of 7,[1] which resulted in a criminal history category of IV.   (*Id.* at 3).   Based on those findings, Defendant's advisory Guidelines range was 70 to 87 months' imprisonment.   (*Id.*).

The parties advocated in their sentencing memoranda that the Court should accept the Rule 11(c)(1)(C) plea agreement providing for a 96-month term of imprisonment, and they reiterated that position at the sentencing hearing on January 30, 2023.   (Docket Nos. 30 at 1, 5; 31 at 2, 6; 35 at 6).   Ultimately, the Court accepted the parties' plea agreement, stated its reasons for doing so, and sentenced Defendant to a term of 96 months' imprisonment followed by a 4-year term of supervised released.   (Docket Nos. 32, 34).   The Court explained why the sentence adequately addressed the nature and circumstances of Defendant's offense, as well as his history and background, and that it was sufficient, but not greater than necessary, to meet the goals of sentencing under the factors in 18 U.S.C. § 3553(a).   In doing so, the Court discussed the serious nature of Defendant's criminal conduct involving 72 bricks of fentanyl and a stolen handgun, which were found in his apartment.   (Docket No. 35 at 9).   The Court commented on fentanyl's negative impact on the community, and further observed that "possessing drugs and a firearm is a dangerous and potentially deadly combination and it poses significant risks of harm to

---

[1]      Defendant was assigned 5 criminal history points for prior convictions and 2 points because he committed the instant offense while under criminal justice sentences imposed in the Court of Common Pleas of Allegheny County, Pennsylvania.   (Docket No. 24, ¶¶ 31, 32, 34, 35, 39).

everybody." (*Id.* at 16).

The Court also considered Defendant's personal history and characteristics, including his fairly significant criminal history, considering his young age. (Docket No. 35 at 9-10, 16-17). As the Court noted, Defendant had prior convictions of firearms not to be carried without a license, possession of a firearm with an altered serial number, possession with intent to deliver fentanyl, and possession with intent to deliver heroin. (*Id.* at 10). Among other matters related to Defendant's background, the Court discussed his substance abuse history, untreated mental health conditions, and limited employment history. (*Id.* at 17-18).

Additionally, the Court explained that the 96-month sentence of imprisonment was appropriate considering the kinds of sentences available, the advisory Guidelines range, and the need to avoid sentencing disparities. (Docket No. 35 at 19). Finally, the Court explained that the sentence imposed reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, serves the interest of protecting the public from further crimes of Defendant, and meets the goals of first and third-party deterrence. (*Id.* at 10-11, 19).

As noted, Defendant now moves for a sentence reduction based on retroactive application of Amendment 821 to Guideline § 4A1.1(e), which eliminated or reduced "status points" when calculating a defendant's criminal history category. (Docket No. 39 at 1). Despite acknowledging that his plea agreement contains a provision specifying that he would not file a motion seeking relief under 18 U.S.C. § 3582(c)(2), Defendant maintains that the waiver provision does not prevent the Court from re-examining its sentencing decision on "its own motion" and granting him relief. (*Id.* at 4, 5) (quoting *United States v. Bailey*, 2013 WL 1828669, at *6

(S.D.N.Y. Apr. 29, 2013)).[2]

Defendant then submits that he is eligible for relief under Amendment 821 because he now would not receive any status points, instead of 2 points as he was previously assessed.   (Docket No. 39 at 4).   As a result, his criminal history points are reduced from 7 to 5, which reduces his criminal history category from IV to III.   (*Id.*).   Based on a total offense level of 23, and a criminal history category of III, the advisory guideline range is 57 to 71 months' imprisonment, instead of 70 to 87 months as previously computed.   (*Id.*).   Defendant requests that the Court reduce his sentence from 96 months' imprisonment to 80 months, which he submits is proportional to the sentence he received under the since-amended guideline range.   (*Id.* at 1).   He advocates that a sentence reduction is consistent with the applicable policy statement in Guideline § 1B1.10 and warranted under the relevant factors in 18 U.S.C. § 3553(a), particularly given his genuine efforts to better himself while incarcerated.   (*Id.* at 4, 7-10).

The Government opposes Defendant's Motion for a sentence reduction.   (*See generally* Docket No. 41).   According to the Government, the Court should deny the Motion because Defendant has failed to demonstrate that the advisory Guidelines range was a relevant part of the analytical framework the Court used to determine its sentence and that his sentence was actually based on that range.   (*Id.* at 7-10).   Further, the Government maintains that the Court should enforce Defendant's § 3582(c)(2) waiver.   (*Id.* at 10-14).   Finally, even if the Court declines to enforce the waiver and finds Defendant qualifies for relief under Amendment 821, the Government argues that the Court should deny his Motion because the relevant § 3553(a) factors do not support a sentence reduction.   (*Id.* at 14-17).

---

2       In *Bailey*, the district court ruled that § 3582(c)(2) "gives the court the power to modify the defendants' previously imposed sentences of imprisonment, on the court's own motion, and entirely without regard to any waivers in the defendants' plea agreements."   *Bailey*, 2013 WL 1828669, at *8.

In Reply, Defendant again urges the Court to act on its own motion and reduce his sentence notwithstanding any waiver in the plea agreement, reiterating that the § 3553(a) factors support a sentence reduction.   (Docket No. 44 at 2-7).

After considering the parties' respective positions and reviewing the record, the Court finds that Defendant agreed in his plea agreement that he would not file a motion seeking relief under § 3582(c)(2), and he has not set forth any basis to set aside his valid waiver.   However, even if the Court were inclined to re-examine its sentencing decision on its own motion, it would decline to exercise its discretion to reduce Defendant's sentence.

## II.   LEGAL STANDARD

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."   *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see Dillon v. United States,* 560 U.S. 817, 819 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.' ") (quoting 18 U.S.C. § 3582(c)). However, § 3582(c)(2) allows for a reduction in the case of a defendant whose sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2); *see Dillon*, 560 U.S. at 825 (observing that § 3582(c)(2) gives courts the power to reduce or modify an otherwise final sentence in circumstances specified by the Sentencing Commission).   The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B.10 of the Sentencing Guidelines.   *See* U.S.S.G. § 1B1.10(a)(1). Additionally, in determining whether a reduction is warranted, § 3582(c)(2) directs the court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."   18 U.S.C. § 3582(c)(2).

To summarize, a district court must engage in a two-step inquiry to determine whether a sentence reduction is warranted under § 3582(c)(2). *Dillon*, 560 U.S. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. To that end, Guideline § 1B1.10(b)(1) requires the court to " 'determin[e] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing . . . 'leav[ing] all other guideline application decisions unaffected.' " *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). Next, "[a]t step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."[3] *Id.*; *see also* U.S.S.G. § 1B1.10, Application Note 1(B)(i) ("Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. . . .").

## III.   ANALYSIS

At the outset, the Government contends that Defendant is ineligible for a sentence reduction because his sentence was not based on the advisory Guidelines range of 70 to 87 months' imprisonment. (Docket No. 41 at 2, 7). According to the Government, the advisory range did not play a relevant part in the Court's sentence; rather, the plea agreement's stipulated sentence

---

3        Given that § 3582(c)(2) proceedings are limited in nature, § 1B1.10(b)(2) "confines the extent of the reduction authorized." *Dillon*, 560 U.S. at 827. Accordingly, a court "generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." *Id.* (quoting U.S.S.G. § 1B1.10(b)(2)(A)). "Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term 'comparably' below the amended range." *Id.* (quoting U.S.S.G. § 1B1.10(b)(2)(B)).

and the Government's agreement to not charge Defendant with additional offenses did.   (*Id.* at 8).

Consequently, the Government maintains that the Supreme Court's decision in *Hughes v. United States*, 584 U.S. 675 (2018), does not support Defendant's request for a sentence reduction.

In *Hughes*, the Supreme Court held that "a sentence imposed pursuant to a Type–C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes*, 584 U.S. at 685.   Thus, a defendant who enters into a Rule 11(c)(1)(C) plea agreement is eligible for retroactive relief under § 3582(c)(2) so long as the Guidelines range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Id.* However, "[i]f the Guidelines range was not a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement, then the defendant's sentence was not based on that sentencing range, and relief under § 3582(c)(2) is unavailable." *Id.* at 687 (internal quotation marks and citation omitted).

Here, contrary to the Government's position, the Guidelines range was part of the framework the Court relied on in accepting the plea agreement and imposing the sentence.   As the Supreme Court explained, "[t]he Sentencing Guidelines prohibit district courts from accepting Type–C agreements without first evaluating the recommended sentence in light of the defendant's Guidelines range." *Hughes*, 584 U.S. at 687 (citing U.S.S.G. § 6B1.2(c)).   Therefore, "in the usual case[,] the court's acceptance of a Type–C agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range." *Id.*

This case was a usual case.   At sentencing, after adopting its Tentative Findings and Rulings and noting that Defendant's advisory Guidelines range was 70 to 87 months' imprisonment, the Court ultimately accepted the Rule 11(c)(1)(C) plea agreement and imposed the

parties' stipulated sentence of 96 months' imprisonment.   (Docket No. 35 at 5, 8, 11-12).   The Court detailed numerous reasons for accepting the plea agreement, (*see id.* at 8-11), including that the 96-month sentence was sufficient, but not greater than necessary, even though it was above the Guidelines range given that the Government agreed not to prosecute Defendant for certain offenses which could have significantly increased his sentencing exposure.[4]   (*Id.* at 9).   In further discussing the relevant § 3553(a) factors, the Court specified that it considered the advisory Guidelines range and explained that while the sentence imposed was higher than that range, it was supported by the record for the reasons the Court had enunciated.   (*Id.* at 19).   As the record reflects, the Court considered the advisory Guidelines range in determining whether to accept the parties' Type-C plea agreement and impose the stipulated sentence of 96 months' imprisonment, which was above that range.   Consequently, the Rule 11(c)(1)(C) plea agreement itself does not preclude Defendant from seeking retroactive relief under § 3582(c)(2) because the advisory Guidelines range was part of the framework this Court relied on in accepting the agreement and imposing the sentence.   *See Hughes*, 584 U.S. at 685.

Nevertheless, the § 3582(c)(2) waiver provision contained in the plea agreement precludes Defendant from moving for the sentence reduction he seeks.   As Defendant acknowledges in his Motion, he agreed that "he will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission."   (Docket Nos. 15-1, ¶ C.3; 39 at 4).   By this provision, Defendant expressly agreed that he would not file a §

---

4        Therefore, it is inaccurate for the Government to state that "the advisory range did not play a relevant part in the Court's sentence: the plea agreement's stipulated sentence and [the] Government's agreement to not charge [Defendant] with additional offenses did."   (Docket No. 41 at 8).   As discussed, consideration of the advisory Guidelines range was relevant to the Court's decision whether to accept the plea agreement and impose the 96-month sentence, along with numerous other factors the Court discussed at sentencing, one of which was the Government's agreement not to charge Defendant with other offenses.   (*See* Docket No. 35 at 8-11) (enumerating the reasons why the Court accepted the Rule 11(c)(1)(C) plea agreement).

3582(c)(2) motion seeking a sentence reduction.   Defendant does not dispute that he waived his right to file such a motion, and he has not set forth any basis to set aside the valid waiver.   Under these circumstances, the § 3582(c)(2) waiver must be enforced, and Defendant's Motion must be dismissed.   *See e.g., United States v. Clardy*, 877 F.3d 228, 231 (6th Cir. 2017) ("[W]here a waiver provision in a valid plea agreement specifically forbids a defendant from challenging his sentence under § 3582(c), he cannot challenge his sentence under § 3582(c)."); *United States v. Malone*, 503 F. App'x 499, 500 (9th Cir. 2012) (recognizing binding nature of the defendant's waiver of right to seek sentence reduction under § 3582(c)(2) in plea agreement)*; United States v. Swindle*, Crim. No. 21-325, 2024 WL 1581043, at *3 (W.D. Pa. Apr. 11, 2024) (enforcing § 3582(c)(2) waiver where the defendant failed to set forth any basis to set it aside); *United States v. Portis*, Crim. No. 21-372, 2024 WL 343085, at *1 (W.D. Pa. Jan. 30, 2024) (denying § 3582(c)(2) motion, in part, because the defendant agreed that he would "not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission").

Irrespective of the waiver, Defendant urges the Court to re-examine its sentencing decision on "its own motion," just as a court in the Southern District of New York did in *Bailey*, 2013 WL 1828669.   While cognizant that § 3582(c)(2) authorizes this Court to re-examine Defendant's sentence and reduce it "on its own motion,"[5] the Court is mindful that "[p]lea bargains are

---

5      Section 3582(c)(2) provides:
       [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or ***on its own motion***, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
18 U.S.C. § 3582(c)(2) (emphasis added).

contracts between prosecutors and defendants.   Each side agrees to certain charges or sentence calculations and gives up its right to take other positions." *United States v. Cruz*, 95 F.4th 106, 110 (3d Cir. 2024) (internal citation omitted).   Given these considerations, the Court declines to upset the § 3582(c)(2) waiver provision or any other aspect of the parties' carefully negotiated plea agreement.   *See United States v. Starkey*, 2:14-CR-90-NR, 2022 WL 5169824, at *1 (W.D. Pa. Oct. 5, 2022) ("While the Court may have the authority to upset a carefully crafted and approved bargain, it will not do so lightly. . . .").

Moreover, even if the Court were inclined to act on its own motion as Defendant urges, it would find that a sentence reduction is not warranted under the two-step inquiry outlined above. At step one, if Amendment 821 had been in effect when Defendant was sentenced, he correctly notes that he would have had 5 criminal history points, instead of 7 points,[6] placing him in criminal history category III, rather than IV.   Based on an offense level of 23, and a criminal history category of III, Defendant's advisory Guidelines range would have been 57 to 71 months' imprisonment, instead of 70 to 87 months as previously calculated.

Next, at step two, the Court would consider whether, in its discretion, the applicable § 3553(a) factors warrant a reduction under the circumstances of Defendant's case.   *Dillon*, 560 U.S. at 827; U.S.S.G. § 1B1.10, Application Note 1(B)(i).   In determining whether to exercise its discretion, the Court would also consider Defendant's risk to public safety and his post-sentencing conduct.   *See* U.S.S.G. 1B1.10, Application Note 1(B)(ii), (iii) (specifying that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be

---

6        Amendment 821 eliminates the assignment of status points for an individual, like Defendant, who has 5 criminal history points under the provisions of Guideline § 4A1.1 and committed the instant offense while under a criminal justice sentence.   *See* U.S.S.G. § 4A1.1(e) ("Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.").

posed by a reduction in the defendant's term of imprisonment[,]" and "[t]he court may consider [the defendant's] post-sentencing conduct" in determining whether a reduction is warranted).

In examining the § 3553(a) factors, the Court would find that the nature and circumstances of the offense and Defendant's history and characteristics do not justify a sentence reduction.   18 U.S.C. § 3553(a)(1).   In so ruling, the Court would reiterate the reasons previously stated at the sentencing hearing for accepting the parties' Rule 11(c)(1)(C) plea agreement and imposing the 96-month term of imprisonment.   To repeat, Defendant engaged in extremely serious criminal conduct by conspiring to distribute fentanyl, despite having had prior state drug trafficking and firearms convictions.   Apparently, the sentences Defendant received for his prior offenses did little to deter him from continuing to engage in criminal conduct as evidenced by his drug trafficking activity involved in this case.   As such, the Court would find that the sentence imposed is necessary and appropriate to reflect the seriousness of the offense, to promote respect for the law, and to adequately deter Defendant from engaging in additional criminal conduct, as well as to deter others from engaging in drug trafficking.   *Id.*, §§ 3553(a)(2)(A)-(B).   The Court would further find that the sentence imposed avoids sentencing disparities between Defendant and others who commit similar crimes and have similar criminal histories and backgrounds.   *Id.*, § 3553(a)(6).   Each of these factors previously discussed by the Court remain relevant and would counsel against granting the sentence reduction Defendant seeks.[7]

---

7       In addition to examining the § 3553(a) factors, it would be relevant that Defendant received a substantial benefit by pleading guilty pursuant to a Rule 11(c)(1)(C) plea agreement, a factor which the Court also could consider in determining whether a sentence reduction would be warranted.   *See Hughes*, 584 U.S. at 689 ("The district court can consider the benefits the defendant gained by entering a Type–C agreement when it decides whether a reduction is appropriate . . . .").   As the Court discussed, had Defendant been charged with either a substantive drug offense or with firearms offenses, "he could have faced decades in prison if he were found to be [a] career offender and/or armed career criminal."   (Docket No. 35 at 9).   As a result, by pleading guilty pursuant to a Type-C agreement, which contained a provision that the Government agreed not prosecute him for certain offenses, (*see* Docket No. 15-1, ¶ B.2), Defendant obtained the benefit of a significantly lower stipulated sentence.

Further, "consideration of public safety also [would] counsel[ ] against a sentence reduction here." *United States v. Strothers*, Crim. No. 21-385-21, 2024 WL 493281, at *5 (W.D. Pa. Feb. 8, 2024). Defendant conspired to traffic fentanyl, which "can produce horrible consequences for individuals who become addicted to [that] drug[ ], thereby creating a significant danger to the community. . . ." *Id.*; *see also United States v. Bastianelli,* Crim. No. 17-305, 2018 WL 1015269, at *8 (W.D. Pa. Feb. 22, 2018) ("Drug trafficking certainly poses a substantial risk of harm to the community, particularly the trafficking of significant quantities of very dangerous and addictive drugs. . . ."). The fact that a stolen firearm was found in close proximity to the fentanyl in Defendant's apartment, (*see* Docket No. 24, ¶¶ 11, 12), only exacerbates the potential danger to the community posed by his conduct. *See United States v. Oliver*, Crim. No. 16-40, 2016 WL 1746853, at *9 (W.D. Pa. May 3, 2016) ("[T]he utilization of firearms in furtherance of drug trafficking poses a significant threat of violence."). Finally, although Defendant has undertaken laudable post-sentencing conduct, including completing his GED, taking courses aimed at his professional development, and exploring his interest in various subject areas, (*see* Docket No. 39 at 7-8), the Court does not believe that this factor would warrant the sentence reduction he seeks considering the relevant § 3553(a) discussed herein. *See Pepper v. United States*, 562 U.S. 476, 505 n.17 (2011) ("Of course, we do not mean to imply that a district court must reduce a defendant's sentence upon any showing of postsentencing rehabilitation.").

## IV.   <u>CONCLUSION</u>

In summary, pursuant to his plea agreement with the Government, Defendant agreed that he would not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines were subsequently lowered by the Sentencing Commission. Because Defendant does not dispute that he waived his right to file a § 3582(c)(2) motion, and he has not identified any

basis to set aside his valid waiver, the Court must enforce the waiver and dismiss his Motion. Accordingly, Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), (Docket No. 39), is DISMISSED.  However, as discussed, even if the Court were inclined to re-examine its sentencing decision "on its own motion" as Defendant urges, after considering the relevant factors under 18 U.S.C. § 3553(a), as well as public safety and Defendant's post-sentencing conduct, the Court would decline to exercise its discretion to reduce his sentence. The 96-month term of imprisonment imposed is sufficient, but not greater than necessary, to meet the goals of sentencing for the reasons previously detailed on the sentencing record and discussed again herein.

An appropriate Order follows.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge


Date:         July 15, 2024

cc/ecf:       All counsel of record

13